Filed 6/21/24  P. v. Gomez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CHRISTI ANN GOMEZ, Defendant and Appellant. | F086690 (Super. Ct. No. 22CM1480) OPINION |

THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Erin J. Radekin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

In 2023, a jury convicted appellant Christi Ann Gomez of unlawfully obtaining personal information belonging to another and using that information for an unlawful purpose (Pen. Code, § 530.5, subd. (a); count 2). The jury also convicted appellant of misdemeanor possessing a device used to unlawfully ingest a controlled substance (Health & Saf. Code, § 11364, subd. (a); count 3).

Appellant has a lengthy criminal record going back to 1998. She has approximately 14 prior misdemeanor convictions and two prior felony convictions. She was on probation when the convictions in this matter occurred.

In count 2, appellant was sentenced to the middle term of two years, to be served in local custody. In count 3, she was ordered to serve 180 days in jail, consecutive to the sentence imposed in count 2.[1]

Appellant's counsel has filed a *Wende*[2] brief in this court. After reviewing the entire record, we affirm the judgment.

## BACKGROUND

The prosecution established at trial that appellant possessed and used a driver's license which did not belong to her. Appellant used the stolen identification to rent a U-Haul truck.[3]

When contacted by law enforcement, a drug pipe was recovered in appellant's constructive possession. A law enforcement officer opined that the pipe had been used to ingest methamphetamine.

---

[1]    Initially, the trial court imposed a split sentence in which appellant would serve part of her time in local custody and the remaining time on mandatory supervision. Appellant, however, personally asked to spend all of her time in jail custody, which the court ordered.

[2]    *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

[3]    In count 1, appellant was charged with grand theft of the truck in violation of Penal Code section 487, subdivision (d)(1). The jury acquitted appellant of this charge.

## DISCUSSION

Following her conviction, appellant appealed her judgment. Her appellate counsel subsequently filed a *Wende* brief in this court. The *Wende* brief raises no arguable issues. Following receipt of the *Wende* brief, appellant was apprised of her right to file a supplemental brief or letter in this court raising any issues she wished considered. She did not respond and has not filed anything in this court.

Pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have reviewed the entire record. Consistent with our Supreme Court's direction in *Kelly*, we have provided a brief description of the relevant facts and the procedural history of this case. We have summarized the crimes of which appellant was convicted, and the punishment imposed. (*Kelly*, *supra*, 40 Cal.4th at p. 110.)

After reviewing the entire record, we have not discovered any arguable issues that would result in a disposition more favorable to appellant. Therefore, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.